**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vulcan Aircraft Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Thunderbird Aviation Incorporated, et al.,<br><br>Defendants. | No. CV-22-01144-PHX-DWL<br><br>**ORDER** |

Plaintiff Vulcan Aircraft Inc. ("Vulcan Aircraft")[1] wishes to sell two F-8 Crusaders ("the Aircraft") in which Defendants Thunderbird Aviation, Inc. ("Thunderbird") and Higgins Aviation, Inc. ("Higgins Aviation") (together, "Defendants") previously held ownership or other interests. The prospective buyer, however, will not proceed with the transaction unless various "clouding events" related to Defendants' putative interests in the Aircraft, which were revealed during a title search, are resolved. Accordingly, in this action, Vulcan Aircraft seeks to quiet title to the Aircraft and to obtain declaratory relief to the same effect.

Because Defendants never answered or otherwise responded after being served with the operative complaint, Vulcan Aircraft has now filed a motion for default judgment. (Doc. 19.) For the following reasons, the motion is granted.

…

---

[1] Although the operative pleading identifies the Plaintiff as "Vulcan Aircraft, Inc." (Doc. 11 at 1), Vulcan Aircraft has since clarified that the comma before Inc. should be omitted (Doc. 19 at 2).

# BACKGROUND

I. Factual Background

The following facts are derived from Vulcan Aircraft's operative complaint. (Doc. 11.)

Vulcan Aircraft is the owner of Aircraft, both of which are model F-8 planes. (*Id.* ¶¶ 1, 7.) The FAA registration numbers of the Aircraft are N19TB and N37TB. (*Id.* ¶ 1.) Vulcan Aircraft acquired the Aircraft from Vulcan Warbirds, Inc. ("Vulcan Warbirds") by purchase dated December 21, 2017. (*Id.* ¶ 8.) The instrument of purchase was recorded in the Federal Aviation Administration Registry (the "Registry"). (*Id.*) Previously, Vulcan Warbirds (or its predecessor in interest, WestPac Restorations, Inc.) had purchased the Aircraft from Air Capitol Warbirds LLC ("Air Capitol Warbirds") by purchase agreement dated April 5, 2002. (*Id.* ¶ 11.)

In connection with a potential sale of the Aircraft, Vulcan Aircraft ran title searches. (*Id.* ¶ 12.) These searches revealed the existence of two "Clouding Interests." (*Id.*) The first Clouding Interest, called the "Thunderbird Clouding Interest," affects N19TB. (*Id.* ¶ 14.) More specifically, "the title report . . . indicates that this Aircraft was repossessed from Thunderbird on [August 27, 1996] by Margaret M. Higgins ('Higgins') and the Estate of Lawrence M. Higgins (the 'Estate')." (*Id.*) However, "[a]ny claim by Thunderbird with respect to the N19TB Aircraft derives from its prior ownership, and any such claim is over 25 years old and thus barred by all applicable statutes of limitations." (*Id.*) Additionally, "Higgins and the Estate have previously released any claim of Higgins and the Estate with respect to N19TB deriving from repossession of that Aircraft from Thunderbird." (*Id.*)

The second Clouding Interest, called the "Higgins Aviation Clouding Interest," affects both Aircraft and arises from a 2001 judgment "awarding the [A]ircraft from Higgins Aviation to Air Capitol Warbird LLC (on information and belief, the same entity as [Air Capitol Warbirds]." (*Id.* ¶ 15.) However, "[a]ny claim by Higgins Aviation that the Judgment was in error is over 20 years old and is barred by all applicable statutes of limitations." (*Id.*)

Based on these allegations, Vulcan Aircraft contends that "[e]ach lien or other interest of record (including every Clouding Interest) of each defendant is inferior in priority, right and title to that of [Vulcan Aircraft] in each of the Aircraft." (*Id.* ¶ 12.) As relief, Vulcan Aircraft seeks both a declaratory judgment that "it is the Owner of each of the Aircraft free and clear of each Clouding Interest" and a quiet-title determination that it has been "adjudicated the owner of each Aircraft free and clear of each Clouding Interest." (*Id.* ¶¶ 19, 26.)

II. Procedural History

On July 7, 2022, Vulcan Aircraft initiated this action. (Doc. 1.)

On August 2, 2022, Vulcan Aircraft filed the operative pleading, the First Amended Complaint ("FAC"). (Doc. 11.) The two named Defendants in the FAC are Thunderbird and Higgins Aviation. (*Id.*)[2]

On August 15, 2022, Vulcan Aircraft filed proof that Thunderbird and Higgins Aviation has been served. (Docs. 15, 16.)

On October 21, 2021, at Vulcan Aircraft's request (Doc. 17), the Clerk entered a default as to both Defendants. (Doc. 18.)

On November 1, 2022, Vulcan Aircraft moved for default judgment. (Doc. 19.)

**DISCUSSION**

I. Default Judgment Standard

The "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The following factors, known as the *Eitel* factors, may be considered when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

---

[2] Although the FAC also appears to name Margaret M. Higgins and The Estate of Lawrence M. Higgins as defendants (Doc. 11 at 1), Vulcan Aircraft concurrently filed a notice clarifying that any claims against those defendants have been dismissed (Doc. 10).

"[T]he general rule" for default judgment purposes "is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "The district court is not required to make detailed findings of fact." *Id.* "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

II.     The First, Fifth, Sixth, And Seventh *Eitel* Factors

"In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Zekelman Indus. v. Marker*, 2020 WL 1495210, *3 (D. Ariz. 2020).

The first factor weighs in favor of default judgment. If Vulcan Aircraft's motion were denied, it would be without other recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The fifth and sixth factors weigh in favor of default judgment or are neutral. Due to Defendants' failure to participate, there is no dispute over material facts and no indication that default is due to excusable neglect.

The seventh factor generally weighs against default judgment, given that cases "should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the existence of Federal Rule of Civil Procedure 55(b), which authorizes default judgments, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Put simply, "the default mechanism is necessary to deal with wholly unresponsive parties who could otherwise cause the justice system to grind to a halt. Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court." 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 55, at 123-24 (2022).

III.    The Fourth *Eitel* Factor—The Amount Of Money At Stake

Under the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. Here, Vulcan Aircraft does not seek an award

of money damages—instead, it simply seeks to quiet title to the Aircraft and declaratory relief to the same effect. Courts have held that the fourth *Eitel* factor weighs in favor of default judgment in this circumstance. *Gunn Pacific Reflection LLC v. Johnsen*, 2019 WL 2501476, *3 (C.D. Cal. 2019) ("Plaintiff seeks to clear the Vessel's title . . . from Defendants' liens. . . . Relief is proportional to the harm caused because Plaintiff is seeking only to clear the vessel of the liens, and is not seeking any additional amount for Defendants' failure to pursue their claims or respond to the Complaint. Accordingly, the fourth *Eitel* factor favors entry of default judgement [sic]."); *Sales Force Won! Ltd. v. Teixidor Enterprises Inc.*, 2018 WL 2183919, *2 (D. Ariz. 2018) (granting motion for default judgment in quiet title action and noting that the fourth *Eitel* factor "favors default judgment because Plaintiff does not seek any monetary damages").

IV.     The Second And Third *Eitel* Factors—Merits And Sufficiency

That leaves the second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint. "These two factors are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [it] may recover." *Viet. Reform Party v. Viet Tan - Viet. Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citation omitted). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Id.* (internal quotations omitted).

Here, both factors weigh in favor of granting default judgment. Taken as true, and regardless of whether analyzed under Arizona or Washington law, the factual allegations in the FAC establish that Vulcan Aircraft is entitled to quiet title to the Aircraft (and/or to remove a cloud on the title to the Aircraft) and to obtain declaratory relief to the same effect. On these points, the Court agrees with and adopts the analysis set forth in Vulcan Aircraft's motion. (Doc. 19 at 7-10.)

V.      Balancing The Factors

Having considered all the *Eitel* factors, the Court concludes that default judgment is appropriate.

…

Accordingly,

**IT IS ORDERED** that Vulcan Aircraft's motion for default judgment (Doc. 19) is **granted**. A separate judgment will issue, after which the Clerk shall terminate this action.

Dated this 20th day of December, 2022.

_____
Dominic W. Lanza
United States District Judge